1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  CHERYL ADAMS, State Bar # 164194
   Chief Trial Attorney
3  DONALD P. MARGOLIS, State Bar #116588
   JOSHUA S. WHITE, State Bar #223237
4  Deputy City Attorneys
   Fox Plaza
5  1390 Market Street, Sixth Floor
   San Francisco, California 94102-5408
6  Telephone:     (415) 554-3853 [Margolis]
   Telephone:     (415) 554-4259 [White]
7  Facsimile:     (415) 554-3837
   E-Mail:        don.margolis@sfgov.org
8  E-Mail:        joshua.white@sfgov.org

9  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO, BONNIE
10 DICKERSON, DAN PHILLIPS, BRANDI WOOLERY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CHARLES MIKICH and ALEXIS MIKICH, | Case No. 11-cv-04629 DMR |
|---|---|
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| COUNTY OF SAN FRANCISCO, BONNIE DICKERSON, DAN PHILLIPS, BRANDI WOOLERY, and DOES 1 – 10, inclusive, | |
| Defendants. | |

**STIPULATION**

Pursuant to Federal Rule of Civil Procedure 26(c), the parties have met and conferred and agree that the discovery of CONFIDENTIAL INFORMATION in this matter be made pursuant to the terms of this PROTECTIVE ORDER.

GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the entry of an order as follows:

1. CONFIDENTIAL INFORMATION, within the meaning of this PROTECTIVE ORDER, shall include all documents containing peace officer personnel records, official information and any other such documents that defendants in good faith have determined to be confidential. Defendants shall attempt to stamp "Confidential" on all such documents prior to production. In the event that any CONFIDENTIAL INFORMATION is inadvertently not stamped as "Confidential" by defendants, the party who notices this oversight shall nonetheless treat such documents as CONFIDENTIAL INFORMATION. Such party shall also immediately make the labeling oversight known to the other parties and the documents shall immediately be stamped as "Confidential" and treated as such, as per this order.

2. The CONFIDENTIAL INFORMATION shall not be exhibited, displayed or otherwise disclosed by Plaintiff's Counsel (or authorized persons described in Section 7) to other persons except as specifically provided herein.

3. Plaintiff may challenge defendants' designation of a particular document as CONFIDENTIAL INFORMATION by filing an appropriate motion, under seal, with the Court. The parties agree that the prevailing party in a motion to remove the confidential designation shall waive any entitlement to monetary sanctions, including attorney's fees.

4. Unless disclosure is ordered by the Court, attorneys for defendants shall have the sole authority to determine that documents subject to the PROTECTIVE ORDER are no longer considered CONFIDENTIAL INFORMATION and will advise counsel for plaintiff in writing if this determination is made.

5. Any CONFIDENTIAL INFORMATION that is disclosed or produced by any party or non party in connection with this case may be used only for prosecuting, defending, or attempting to settle this litigation. CONFIDENTIAL INFORMATION may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, all parties or non parties that have received CONFIDENTIAL INFORMATION must comply with the provisions of Section 13, below.

6. All parties or non parties that have received CONFIDENTIAL INFORMATION must store and maintain it in a secure manner that ensures that access is limited to the persons authorized under this Order.

7. Plaintiff's Counsel may exhibit, discuss, and/or disclose CONFIDENTIAL INFORMATION only to the following categories of person and no other unless authorized by order of the Court:

    a.    Plaintiff's Counsel;

    b.    Experts, investigators or consultants retained by Plaintiff's Counsel to assist in the evaluation, preparation, or trial of this case; however, before any expert, investigator, or consultant is permitted to review the CONFIDENTIAL INFORMATION, such individual must agree to comply with the terms of this PROTECTIVE ORDER by executing the document attached as Exhibit A. Plaintiff's counsel shall serve that document on Defendants' counsel upon its execution; however, Plaintiff's counsel shall not be required to serve any Agreement to Comply any earlier than the date that Expert Disclosures are required to be made. Experts, investigators, and consultants shall not have any power to authorize further disclosure of CONFIDENTIAL INFORMATION to any other person.

    c.    Plaintiff; however, Plaintiff's counsel may not provide originals or copies of the CONFIDENTIAL INFORMATION to Plaintiff for his own retention during the course of this litigation, but may show documents containing CONFIDENTIAL INFORMATION to Plaintiff. Plaintiff is bound by this Protective Order to the same extent as Plaintiff's counsel, and may not exhibit, discuss, and/or disclose CONFIDENTIAL INFORMATION to any individual other than Plaintiff's counsel and those experts, investigators or consultants retained by Plaintiff's Counsel who have agreed to be bound by this Protective Order and executed the document attached as Exhibit A.

8. Unless otherwise stipulated to by defendants, any use of CONFIDENTIAL INFORMATION shall be filed under seal pursuant to the Court's rules and procedures (see Northern District of California General Order No. 62 and Civil Local Rule 79-5).

9. If any person desires to exhibit documents or disclose CONFIDENTIAL INFORMATION covered under this stipulation during pretrial proceedings, such person shall meet and confer with counsel to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate

method for disclosure, and if defendants do not agree to such disclosure, such CONFIDENTIAL INFORMATION shall not be disclosed unless authorized by order of the Court.

10. Unless otherwise agreed, transcripts and exhibits that incorporate or reference CONFIDENTIAL INFORMATION covered under this stipulation shall be treated as CONFIDENTIAL INFORMATION that is subject to the provisions of this PROTECTIVE ORDER. The Court Reporter shall mark as "Confidential" that portion of any deposition or hearing transcript that contains any CONFIDENTIAL INFORMATION or any reference to CONFIDENTIAL INFORMATION.

11. If a party who has received CONFIDENTIAL INFORMATION learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION to any person or in any circumstance not authorized under this PROTECTIVE ORDER, the party must immediately (a) notify the San Francisco City Attorney's Office in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the CONFIDENTIAL INFORMATION, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the document that is attached hereto as Exhibit A.

12. Any inadvertent disclosure made in violation of this PROTECTIVE ORDER does not constitute a waiver of the terms of this PROTECTIVE ORDER, except by written agreement of the parties, or further order of this Court.

13. All documents covered by this PROTECTIVE ORDER and copies thereof (including those in the possession of experts, consultants, investigators, etc.) will be returned to the San Francisco City Attorney's Office at the termination of this litigation, through final judgment, appeal, or by whatever means resolved. On final disposition of this case, plaintiff's counsel, and all other persons subject to this Order (including experts, consultants, and investigators), shall within 30 days after the final disposition of this case, without request or further order of this Court, return all CONFIDENTIAL INFORMATION to the Deputy City Attorney of record in this matter. The provisions of this PROTECTIVE ORDER shall, without further order of the Court, continue to be binding after the conclusion of the action, and this Court will have jurisdiction to enforce the terms of this PROTECTIVE ORDER.

14. Should either party fail to comply with this PROTECTIVE ORDER, the other party may seek a Court order holding the non-complying party and that party's counsel liable for all costs associated with enforcing this agreement, including but not limited to all attorney fees in amounts to be determined by the Court. The non-complying party and that party's counsel may also be subject to additional sanctions or remedial measures, such as contempt, evidentiary or terminating sanctions.

15. This stipulated protective order shall apply ONLY to training-related documents from the personnel files of the individually-named Defendants. It shall not apply to other categories of documents, including but not limited to disciplinary-related documents.

IT IS SO STIPULATED.

Dated: November 8, 2012

        DENNIS J. HERRERA
        City Attorney
        CHERYL ADAMS
        Chief Trial Deputy
        JOSHUA S. WHITE
        Deputy City Attorney

             */s/*
        By:_____

        Attorneys for Defendants

Dated: November 7, 2012

             */s/*
        By:_____

        BRETT TERRY, Esq.
        Attorneys for Plaintiff

*Pursuant to General Order 45, §X.B., the filer of this document attests that he has received the concurrence of this signatory to file this document.

## ORDER

Pursuant to this stipulation, IT IS SO ORDERED.

Dated: November 8, 2012

_____

HON. DONNA M. RYU

UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION**

I, _____, have read and understand the Court's Protective Order for CONFIDENTIAL INFORMATION. I agree to abide by all terms of the Order. In addition, I specifically understand and agree to the following:

1. I will not disclose the CONFIDENTIAL INFORMATION to any other person.

2. I understand that I have no power to authorize any other person to review the CONFIDENTIAL INFORMATION.

3. I agree not to make copies of the CONFIDENTIAL INFORMATION.

4. I agree to return the CONFIDENTIAL INFORMATION to the counsel for the party that produced it, at or before the conclusion of this litigation.

5. I understand that if I violate any of the terms of the Protective Order, then I may be subject to sanctions or possible contempt.

AGREED:

_____
    DATE

_____
    SIGNATURE

_____
    PRINT NAME