United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MIKICH, | No. C-11-04629 DMR |
| Plaintiff(s), | **ORDER DENYING PLAINTIFFS' MOTION TO CORRECT RECORD [DOCKET NO. 81]** |
| v. | |
| COUNTY OF SAN FRANCISCO, ET AL, | |
| Defendant(s). | |

Plaintiffs Charles and Alexis Mikich have filed a motion to correct the record pursuant to Federal Rule of Appellate Procedure 10 to include documents cited to this court in Plaintiffs' opposition to Defendants' motion for summary judgment but never actually filed. [Docket No. 81.] For the reasons stated below, the motion to correct the record is **denied.**

## I. BACKGROUND

Plaintiffs filed suit to challenge the warrantless removal of their newborn child, A.M., from their custody. On January 10, 2013, Defendants City and County of San Francisco, Bonnie Dickerson, and Dan Phillips filed a motion for summary judgment. [Docket No. 50.] Plaintiffs filed an opposition to that motion on January 31, 2013. [Docket No. 65.] The opposition brief cited, but did not attach as exhibits, four pages from the transcript of the deposition of Charles Mikich and two pages from the transcript of the deposition of Bonnie Dickerson. On March 8, 2013, this court issued an order granting summary judgment in favor of Defendants, a decision which Plaintiffs

1  appealed to the Ninth Circuit. [Docket Nos. 71, 74.] At no point between the filing of Plaintiffs'
2  opposition and the court's summary judgment decision did Plaintiffs present the missing deposition
3  excerpts to this court. Plaintiffs claim that the reason for their failure to include the deposition
4  excerpts in its filings is simple clerical error, and now request that this court "correct" the record so
5  that the depositions may be considered by the Ninth Circuit.[1]

## II. DISCUSSION

Federal Rule of Appellate Procedure 10(e) provides for "[c]orrection or [m]odification of the [r]ecord" as follows:

> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: (a) on stipulation by the parties; (b) by the district court before or after the record has been forwarded; or (c) by the court of appeals.

The Ninth Circuit construes this rule narrowly, holding that "normally the reviewing court will not supplement the record on appeal with material not considered by the lower court." *Daly–Murphy v. Winston,* 837 F.2d 348, 351 (9th Cir.1987) (in appeal from a district court's decision on summary judgment, denying plaintiff-appellant's request to add investigative report to the record where "the report was not considered by the trial court because it was submitted after the summary judgment hearing"); *United States v. Garcia*, 997 F.2d 1273, 1278 (9th Cir.1993) ("The district court may not use Federal Rule of Appellate Procedure 10(e) to supplement the record with material not introduced or with findings not made."); *United States v. Walker*, 601 F.2d 1051, 1054-55 (9th Cir. 1979) (declining to supplement the record on appeal with affidavits that were not part of the district court's record).

---

[1] Apparently, staff for Plaintiffs' counsel noticed that the deposition excerpts had not been filed before this court and, unbeknownst to Plaintiffs' counsel, inserted them into the excerpts of record that Plaintiffs submitted to the Ninth Circuit without ever notifying the Ninth Circuit, this court, or opposing counsel. Confusing the matter further, they had incorrectly inserted excerpts from the deposition of *Alexis* Mikich, not *Charles* Mikich, and also inserted an additional page from the deposition transcript of Dan Phillips, which Plaintiffs do not actually seek to have added to the record. Powell Decl. [Docket No. 81-1] at ¶¶ 7-11.

2

The Tenth Circuit's holding in *Allen v. Minnstar*, *Inc.* is particularly instructive because of its similarities to the situation at hand.  8 F.3d 1470 (10th Cir. 1993).  After the district court issued an order granting summary judgment in favor of the defendant, the plaintiff filed a motion before the district court pursuant to Rule 10(e) requesting that a copy of his expert's deposition become part of the record on appeal.  The expert deposition had been cited in plaintiff's summary judgment briefs, but plaintiff failed to submit a copy of the deposition for the district court's consideration of the summary judgment motion.  The district court declined the plaintiff's Rule 10(e) motion to augment the record with the deposition.  *Id.* at 1473-74.  The Tenth Circuit subsequently upheld the district court's denial of this motion, and explained the limitations of Rule 10(e):

> Rule 10(e) is not designed to allow a district court to add to the record on appeal matters that did not occur there in the course of proceedings leading to the judgment under review.  In other words, the district court is not authorized under Rule 10(e) to augment the record on appeal with deposition transcripts that were not on the record before it at the time its final decision was rendered.  This is so because the only proper function of a court of appeals is to review the decision below on the basis of the record that was made before the district court.

*Id.* at 1474 (quotations and formatting omitted).  "Had the [expert's] deposition been before the district court at the time of summary judgment ruling but been 'omitted from the record by error or accident,' the district court would have authority, under the express language of Rule 10(e) . . . to add the deposition to the record in order that the record 'truly disclose[] what occurred in the district court . . . .'" *Id.* at 1474 (quoting Fed. R. App. P. 10(e)).  However, in the circumstance where the district court had authorized the filing of the plaintiff's expert's deposition prior to the summary judgment decision but the plaintiff unintentionally failed to submit that deposition, "[t]o now make [the deposition] part of the record would mislead the court of appeals."  *Id.* (quoting district court's order denying motion to supplement).

Similarly, in this case, the court carefully reviewed the record submitted by both parties regarding Defendants' motion for summary judgment.  The fact that Plaintiffs may have cited the missing pages in their briefs does not change a simple reality: prior to making its summary judgment ruling, this court never had the opportunity to consider the deposition testimony that Plaintiffs now seek to add to the record.  It would thus be inappropriate to supplement the record on appeal with material never considered by the trial court.

3

The only case Plaintiffs cite to support their motion is inapposite. In *M.L. v. Federal Way District*, a minor and his parents alleged that the minor's school district violated the Individuals with Disabilities Education Act by failing to include a regular education teacher on the team that prepared the minor's individualized education program. 394 F.3d 634 (9th Cir. 2004). An administrative law judge ("ALJ") with the Department of Education determined that the school district's team was properly constituted. *Id.* at 641. The minor and his parents sought review of the ALJ's decision before the United States District Court for the Western District of Washington. The district court granted summary judgment in favor of the school district, and the minor appealed to the Ninth Circuit. *Id.* The school district filed a motion with the Ninth Circuit requesting it supplement the record to include the testimony of a witness that was in the agency's administrative record but was erroneously omitted from the record considered by the district court. The Ninth Circuit accepted the additional testimony because of a statutory requirement that the courts examine the administrative record as a whole when reviewing an ALJ's ruling, noting that the circumstances presented an exception to the general rule that "normally a reviewing court will not supplement the record with material not considered by the district court." *Id.* at 641 n.8. By contrast, the present case is not a review of a determination by an ALJ, and Plaintiffs are not requesting that this court merely supplement the record to reflect a complete administrative record.

Accordingly, Plaintiffs' motion to correct the record is **denied.**

IT IS SO ORDERED.

Dated: September 17, 2013

DONNA M. RYU
United States Magistrate Judge

4